UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Eugene Hathon Taylor IV | CIVIL ACTION |
| VERSUS | NUMBER: 23-1547 |
| Enrique Hernandez, et al. | SECTION: "T"(1) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Eugene Hathon Taylor IV filed this lawsuit against Enrique Hernandez Jr., Chris Kempczinksi, and McDonald's Corporation. However, Mr. Taylor's Complaint is devoid of any factual allegations sufficient to put the defendants on notice of the claims against them. Because Mr. Taylor has failed to state a claim, it is RECOMMENDED that this lawsuit be DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

### Background

Mr. Taylor filed this lawsuit on May 9, 2023. The Court granted his motion to proceed in forma pauperis on May 16, 2023, but ordered that summons be withheld and that Mr. Taylor show cause in writing by Wednesday June 14, 2023, why this case should not be summarily dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Mr. Taylor has not responded to the Court's order.

### Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
>                         (B) the action or appeal –
>                         (i) is frivolous or malicious;
>                         (ii) fails to state a claim on which relief may be granted; or
>                         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

As noted, Mr. Taylor has filed suit against Enrique Hernandez Jr., Chris Kempczinksi, and McDonald's Corporation. He provides no address for any of the defendants but describes them as being located in Chicago, Illinois. He describes himself as a Louisiana resident and citizen of Brazil. He invokes this Court's Federal Question jurisdiction, but he does not cite any statute or regulation in his Complaint. On the Civil Cover Sheet, although the instructions say to place an X in one box only, he has selected 27 codes for "Nature of Suit," including negotiable instrument, stockholders' suits, franchise, voting, fair labor standards act, labor/management relations, copyrights, patent, Health Insurance Part A Medicare, taxes, false claims act, qui tam, antitrust, banks and banking, commerce, Racketeer Influenced and Corrupt Organizations, consumer credit, administrative procedure act/review or appeal of agency decision, and constitutionality of state

statutes.  The only thing he alleges in his Complaint is that "Laws Been Broken." He does not specify any relief sought.

The present Complaint is completely devoid of any factual allegations from which the Court or the defendants could determine Mr. Taylor's claims or even a basis for this Court's jurisdiction. He has failed state a claim on which relief may be granted.

Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED for failure to state a claim.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 26th day of June, 2023.

_____
Janis van Meerveld
United States Magistrate Judge